IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| 25 WESTERN AVENUE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 22 C 2697 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| LESTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff has filed another motion to compel, this one demanding production of documents from Defendant, Matthews Real Estate Investment Services, Inc. For the following reasons, the plaintiff's motion [Dkt. #118] is granted in part and denied in part.

We have previously gone over the tangled and knotted history of the Oswego Property and its ownership, [Dkt. #116], and thus we need not go over it again. The transaction involving the plaintiff was just the last in a series of transfers of the property involving the Lester Defendants and their affiliates dating back to 2012. Defendant, Matthews, represented both the buyer, 25 Western, and the seller, first, StarCorp, then RNO, in the final transaction. Matthews allegedly kept 25 Western in the dark about sitting on both sides of the table. [Dkt. #45, Par. 40]. Matthews allegedly knew that the purchase price 25 Western paid for the property was twice what the parcel was worth and kept plaintiff in the dark about that as well. [Dkt. #45, Pars. 39, 40]. There are fraud [Dkt. #45, Pars. 64-72] and breach of fiduciary duty [Dkt. #45, Pars. 96-102] claims pending against Matthews.

The requests at issue are RFPs 1 through 5 and 7 through 11. So, that means out of eleven requests for production [Dkt. #118-1, Pages 15-27, 40-47], the parties were unable to reach an accord

as to ten of them. A ninety-one percent failure rate certainly calls into question whether the parties complied with Local Rule 37.2's requirement that they meet and confer *in good faith*. *See, e.g, Art Akiane LLC. v. Art & SoulWorks LLC*, 2020 WL 5604064, at *1 (N.D. Ill. 2020)(size of dispute brought to the court is evidence of parties' failure to confer in good faith); *Kinon Surface Design v. Hyatt International Corp.*, No. 19 C 7736, 2022 WL 787956, at *1 (N.D. Ill. Mar. 15, 2022)(when many disputes remain, "the plaintiff's claims of compliance with the Local Rule open to serious question."). Good faith isn't evinced by both sides simply digging in and refusing to budge. *See, e.g., Gunn v. Stevens Security & Training Servs., Inc.*, 2018 WL 1737518, at *3 (N.D. Ill. 2018)("A party that steadfastly maintains a position without support is not engaging in a good faith discussion."); *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018)("An ultimatum on one side, met with steadfast defiance on the other, is not a good faith discussion."); *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *1 (N.D. Ill. 2016)("... adamantly clinging to the positions with which they began" amounts to a failure "to comply, in good faith, with the requirements of Local Rule 37.2."). But, when the parties choose to follow that course, the court has vast discretion to resolve their disputes. *Kuttner v. Zaruba*, 819 F.3d 970, 974 (7th Cir. 2016); *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013). That discretion means that in most instances, there is no "right" or "wrong" answer, and that is why it behooves parties to work out their difficulties. *See Ledo's Pizza Sys., Inc. v. Ledo's, Inc.*, 2022 WL 159559, at *1 (N.D. Ill. 2022); *Stagger v. Experian Info. Sols., Inc.*, 2021 WL 5299791, at *2 (N.D. Ill. 2021). Absent a negotiated agreement between counsel, the "loser" on a discovery motion might be "right" – in the judgment of some decision-makers – but "wrong" in the eyes of another, and thus will have little or no effective recourse given the discretionary nature of

discovery motions in general. *See, e.g, Davis v. Mitchell.*, No. 19 C 3212, 2022 WL 2073010, at *1 (N.D. Ill. June 9, 2022); *Deal Genius, LLC v. O2 Cool, LLC*, No. 21 C 2046, 2022 WL 874690, at *3 (N.D. Ill. Mar. 24, 2022); *LKQ Corp. v. Gen. Motors Co.*, 2021 WL 4125097, at *1 (N.D. Ill. 2021)("Indeed, a party can only overturn a discovery ruling where there has been a mistake of law or an "abuse of discretion." Rule 72(a), Federal Rules of Civil Procedure. As to the latter, it occurs when no reasonable person could agree with the district court's decision.").

But, unfortunately, what has happened in this case occurs with disturbing and increasing frequency in today's fractious climate. Little wonder Judge Posner has said that "protracted discovery, [is] the bane of modern litigation." *Rossetto v. Pabst Brewing Co., Inc.,* 217 F.3d 539, 542 (7th Cir.2000). Accordingly, after careful consideration of the parties' submissions and in exercise of that discretion unquestionably possessed by district courts overseeing competing discovery contentions, here are the rulings on the parties' ten disputes.

We begin with Requests for Production 1-3. These are sweeping requests, seeking "all documents" related to the Oswego Property, to the plaintiff, and to purchases and transactions involving the Oswego Property. Matthews' issue with these requests is that they go beyond the custodial files of the brokers involved in the "Oswego Transaction," by which Matthews means only the final transaction in the string. Plaintiff claims the entire string is relevant to the claims of alleged fraud and breach of fiduciary duty and argues that production cannot be limited to just those brokers involved in the final knot. But, what the plaintiff is alleging is that Matthews was on both sides of the Oswego Transaction and duped the plaintiff as to the market value of the property at the time of the plaintiff's purchase. Documents dating back five or six years might be relevant to a RICO claim, but there is no such claim against Matthews. As such, the rulings on these requests are:

>Requests for Production 1: Defendant Matthews will produce all documents related to the Oswego Property for one year prior to the purchase.
>
>Requests for Production 2: Defendant Matthews will produce all documents related to the plaintiff for one year prior to the purchase.
>
>Requests for Production 3: Defendant Matthews will produce all documents related to any purchase and sale transactions involving the Oswego Property for one year prior to the purchase.

The issue over Requests for Production 4-5 and 7-8, similarly, seems to be a product of plaintiff's "RICO-sized" view of the discovery to which it is entitled and Matthews' understandable insistence that it be on the hook for discovery that relates only to those claims that are actually pending against it. The requests are arguably relevant to the plaintiff's fraud claims against Defendant, Matthews. But they are not bounded by time and take in a similarly boundless definition of "affiliate entities." The court was willing to allow some leeway on affiliate entities in the context of RICO claims [Dkt. #116, at 10], but, in this context, it is far too broad and seeks far too much. Again, the claims pending against Matthews deal with Matthews' brokers allegedly sitting on both sides of Oswego Property transaction and giving plaintiff an inflated read on the property's value. As such, plaintiff's motion is denied as to Requests for Production 4 and 5.[1] It is granted in part as to Request for Production 7[2], as that request is limited to January 1, 2017 and September 1, 2018, and to communications involving both Dalton Barnes and Andrew Ivankovich because, after all, one

---

[1] Plaintiff's motion makes it confusing as to whether Requests for Production 4 and 5 remain at issue or were replaced by Request for Production 8 [Dkt. #118, at 5 ("After Matthews complained that these requests were ambiguous, 25 Western propounded RFP 8, seeking '[a]ll DOCUMENTS related to RNO, STARCORP, Frontier Star 1, LLC, or Hardee's Holdings Oswego, LLC.'")]. But, a ruling on that request has been issued for the sake of thoroughness.

[2] The court has issued a ruling as to Request for Production 7 for the sake of thoroughness, although plaintiff's Reply Brief seems to eliminate it, asking for "immediate production of all documents responsive to 25 Western's RFPs 1 through 5 and 8 through 11." [Dkt. #122, at 10].

of the keys to plaintiff's claim is that the two Matthews brokers were on opposite sides of the transaction. But, production will be limited to communications regarding the Oswego Property. The plaintiff's motion is granted as to Request for Production 8, but production will be limited to documents pertaining to the Oswego Property.

Similarly, the issue over Requests for Production 9-11, which seek documents related to the price of the Oswego Property, any estimate or analysis of the price or market value of the Oswego Property, and any listing of the Oswego Property also appears to be the fact that the requests have no time limitation. The plaintiff argues that no time limitation is appropriate because Defendant, Matthews, used misrepresentation, concealment, and abuse of its position of trust as fiduciary, to persuade 25 Western to pay far more for the Oswego Property than it was worth. As such, all that is relevant is what Defendant, Matthews, knew about the price and market values while it represented 25 Western in the deal. Accordingly, as to Requests for Production 9-11, production will be limited to documents dating back to one year before the transaction at issue.

Defendant, Matthews, is ordered to produce the aforementioned documents in seven days. The parties are reminded that fact discovery in this nearly two-year-old case closes on March 19, 2024. [Dkt. #110].

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 3/12/24